UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Eugene M. Remund,<br><br>                                Plaintiff,<br><br>v.<br><br>Fernando Zamudio, M.D., et al.,<br><br>                               Defendants. | Case No.: 16-cv-0426-JAH-AGS<br><br>**REPORT AND RECOMMENDATION ON DEFENDANT ZAMUDIO'S MOTION TO DISMISS [Doc. 16]** |

An inmate with an ironclad medical malpractice case against prison doctors does not necessarily have a winning civil rights lawsuit. A civil rights violation requires criminal recklessness—the doctors must disregard an excessive health risk of which they are aware. Because the inmate here alleges nothing approaching this standard, his civil rights suit fails.

## I. BACKGROUND

For this report only, the following facts alleged in the second amended complaint are presumed to be true:

Pro se plaintiff Eugene Remund is a state prisoner who suffered medical problems after adjustments to his pacemaker. When defendant Fernando Zamudio, M.D., first changed the pacemaker's settings—"for no reason at all"—Remund told him that he "felt sort of dizzy and naus[e]ated." (ECF No. 10, at 2-3.) But the doctor told Remund "not to worry[,] that the pacemake[r] had to settle down" and get used to his body. (*Id*. at 3.) Later, Dr. Zamudio made other settings modifications, but Remund continued to complain about

dizziness, nausea, fainting, and fatigue. Each time he "got the same response . . . 'give it time to adjust and you will feel better.[']" (*Id.*)

Remund sued Dr. Zamudio and others under 42 U.S.C. § 1983 for violating his civil rights. He alleges that the doctor "acted with total disregard for [Remund's] well being" and that his deliberate indifference to a serious medical need infringed Remund's right against cruel and unusual punishment. (ECF No. 10, at 2-3.) Dr. Zamudio now moves to dismiss the action for failure to state a claim.

## II. LEGAL STANDARDS

### A. Motion to Dismiss Standard

To survive a motion to dismiss, a complaint must contain sufficient facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted); *see also* Fed. R. Civ. P. 12(b)(6). The reviewing court must accept "all factual allegations in the complaint as true and constru[e] them in the light most favorable to the nonmoving party." *Ebner v. Fresh, Inc.*, 838 F.3d 958, 962 (9th Cir. 2016) (citation omitted). But "'naked assertions' devoid of 'further factual enhancement'" will not suffice. *Iqbal*, 556 U.S. at 678 (citation omitted).

Pro se pleadings demand an especially charitable interpretation, but the court "may not supply essential elements of the claim that were not initially pled. Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

### B. Constitutionally Inadequate Medical Care

For inadequate medical care to reach constitutional dimensions, the prisoner must prove two elements: (1) "the existence of a serious medical need," that is, a condition that left untreated "'could result in further significant injury' or cause 'the unnecessary and wanton infliction of pain'"; and (2) the prison official's "deliberate indifference" to that need. *Colwell v. Bannister*, 763 F.3d 1060, 1066 (9th Cir. 2014) (citations omitted).

Deliberate indifference is a formidable standard. "[I]solated occurrences of neglect," as well as "mere malpractice, or even gross negligence," may be inexcusable, but they do not amount to deliberate indifference. *Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990) (citation omitted); *see also Estelle v. Gamble*, 429 U.S. 97, 106 (1976) ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."). Rather, deliberate indifference requires at least criminal recklessness; the prison official must "know[] of and disregard[] an excessive risk to inmate health or safety. . . ." *Farmer v. Brennan*, 511 U.S. 825, 837, 839-40 (1994). The plaintiff "'must show that the course of treatment the doctors chose was medically unacceptable under the circumstances' and that the defendants 'chose this course in conscious disregard of an excessive risk to the plaintiff's health.'" *Hamby v. Hammond*, 821 F.3d 1085, 1092 (9th Cir. 2016) (citations omitted). "[A] difference of opinion between a physician and the prisoner—or between medical professionals—concerning what medical care is appropriate does not amount to deliberate indifference." *Id.* (citation omitted).

### III. DISCUSSION

#### A. <u>Dr. Zamudio's Motion to Dismiss</u>

Dr. Zamudio does not dispute the first element of this inadequate medical care claim—that Remund had a serious medical condition—so the only question is whether Remund sufficiently pleads deliberate indifference.

Remund charges that Dr. Zamudio adjusted the pacemaker "for no reason at all" (ECF No. 10, at 2), but not that the doctor intended or knew that those adjustments might cause harm. In fact, after making each adjustment, Dr. Zamudio said, "[Y]ou will feel better." (*Id.* at 3.) "An act or omission unaccompanied by knowledge of a significant risk of harm" is not deliberate indifference. *Farmer*, 511 U.S. at 837-38. The only other allegation touching on Dr. Zamudio's mental state is that he "acted with total disregard for [Remund's] well being." (ECF No. 10, at 3.) But this is exactly the type of "naked assertion" lacking "further factual enhancement" decried by the Supreme Court. *See Iqbal*, 556 U.S. at 678 (citation omitted). Remund, therefore, fails to state a claim.

B. **Dismissal as to All Defendants**

This same reasoning applies equally to dismissing the case against the remaining codefendants: Dr. R. Holt and ten John Does. The second amended complaint does not mention any supporting facts about the John Does. And the only allegations against Dr. Holt are that he "in[s]erted the pacemaker into my chest and it worked just fine," but thereafter Dr. Holt and Dr. Zamudio worked together making the pacemaker adjustments described earlier, "with total disregard" to Remund's well-being. (ECF No. 10, at 3.) In other words, the only additional facts alleged against Dr. Holt are that he did a satisfactory job implanting Remund's pacemaker. This does not make out deliberate indifference.

Even if Remund had adequately stated a claim, he has not served Dr. Holt in the nine months since filing his second amended complaint. (ECF No. 13.) Unless Remund can show good cause, this failure would provide an independent basis for dismissing the case against Dr. Holt. *See* Fed. R. Civ. P. 4(m); Civ. LR 41.1(a).

C. **Opportunity to Amend**

A self-represented prisoner plaintiff is entitled to an "opportunity to amend the complaint to overcome [any] deficiency unless it clearly appears from the complaint that the deficiency cannot be overcome by amendment." *James v. Giles*, 221 F.3d 1074, 1077 (9th Cir. 2000) (citations omitted). Remund has had that opportunity. He has now drafted three versions of this civil rights complaint against these same defendants. Judge Houston dismissed the first two complaints for failing to state a claim against anyone, but granted leave to amend both times. (ECF No. 6, at 7-8; ECF No. 9, at 7-8.) On both occasions, Judge Houston explained that the dismissal grounds were that Remund failed to set forth specific allegations supporting deliberate indifference. Because Remund tried and failed to correct this exact same flaw twice before, the Court need not give him a third bite at the complaint-drafting apple.[1]

---

[1] Although not considered in this Court's analysis, other information also suggests that another leave to amend would be unavailing. According to a medical record attached

4

## IV.  CONCLUSION

Because Remund fails to state an inadequate medical care claim, this Court **RECOMMENDS** that his second amended complaint be **DISMISSED**.

Upon being served with a copy of this report, the parties have 14 days to file any objections. Upon being served with any objections, the party receiving such objections has 14 days to file any response. *See* Fed. R. Civ. P. 72(b)(2).

Dated:  May 31, 2017

                                                                              _____
                                                                              Hon. Andrew G. Schopler
                                                                              United States Magistrate Judge

---

to the previous complaint, Dr. Zamudio was genuinely worried about Remund's health, not callously indifferent to it. In that record, Dr. Zamudio wrote, "I am obviously concerned because of the arrhythmia that Mr. Redmond [sic] is experiencing. . . . I feel it is imperative that we proceed with coronary angiography as soon as possible." (ECF No. 7, at 16.)

5