UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| EUGENE M. REMUND,<br><br>                    Plaintiff-Appellant,<br><br>v.<br><br>FERNANDO ZAMUDIO, M.D., et al.,<br><br>                 Defendants-Appellees. | D.C. Case No.: 16cv426-JAH (AGS)<br>U.S.C.A. Case No.: 17-56231<br><br>**ORDER RESPONDING TO<br>REFERRAL NOTICE** |

This matter comes before the District Court on referral from the Ninth Circuit Court of Appeals, "for the limited purpose of determining whether *in forma pauperis* status should continue . . . or whether the appeal is frivolous or taken in bad faith." *See* Doc. No. 31 (citing 28 U.S.C. § 1915(a)(3)). For the reasons set forth below, this Court finds the appeal frivolous, and, therefore, **REVOKES** Plaintiff-Appellant Eugene M. Remund's ("Plaintiff" or "Plaintiff-Appellant") *in forma pauperis* status.

On February 17, 2016, Plaintiff, a state prisoner proceeding *pro se*, filed a civil rights complaint against Defendants Fernando Zamudio, M.D., R. Holt, M.D., and John Does 1 through 10 (collectively, the "Defendants"), alleging that Plaintiff was denied access to "adequate and competent medical treatment[,]" in violation of 42 U.S.C. § 1983 ("§ 1983"). *See* Doc. No. 1. Plaintiff did not prepay the filing fee required by 28 U.S.C. §

1914(a) at the time of filing. Instead, he filed a motion for leave to proceed *in forma pauperis* ("IFP"), pursuant to 28 U.S.C. § 1915(a). *See* Doc. No. 2.

On February 29, 2016, this Court denied Plaintiff's IFP motion without prejudice for failure to include a certified copy of his inmate trust account or an institutional equivalent. *See* Doc. No. 3. On April 8, 2016, Plaintiff filed (1) a renewed motion for leave to proceed IFP; and (2) a "Motion for Stay and Abeyance" seeking a stay of this action until the "Inmate Trust Accounts Officer" submitted his inmate trust account statement. *See* Doc. Nos. 4, 5. On April 19, 2016, following review of Plaintiff's inmate trust account statement, and *sua sponte* screening pursuant to 28 U.S.C. §§ 1915(e)(2)(B), this Court granted Plaintiff's IFP motion, denied the motion to stay as moot, and dismissed the complaint without prejudice for failure to state a claim. *See* Doc. No. 6.

On June 8, 2016, Plaintiff filed an amended complaint (the "FAC"), and a freestanding motion to appoint counsel. *See* Doc. No. 7, 8. On June 29, 2016, this Court denied the motion to appoint counsel, without prejudice, and dismissed the FAC for failure to state a claim. *See* Doc. No. 9. Plaintiff was granted forty-five days leave to amend the complaint. On August 10, 2016, Plaintiff filed his second amended complaint ("SAC"). *See* Doc. No. 10. On August 17, 2016, this Court directed the U.S. Marshal to effect service of the SAC on Defendants, and summons was returned executed as to both Defendants, on September 30, 2016. *See* Doc. Nos. 13, 14.

On October 11, 2016, Defendant Zamudio filed a motion dismiss the SAC with prejudice, contending that Plaintiff does not, and cannot, state a cognizable § 1983 claim because (1) he "plead[s] no facts evidencing deliberate indifference against Dr. Zamudio[;]" and (2) medical evidence on the record contradicts Plaintiff's conclusory allegations with respect to deliberate indifference to a serious medical need. *See* Doc. No. 16. The motion was set before the Honorable Andrew G. Schopler, United States Magistrate Judge. On December 1, 2016, Judge Schopler accepted Plaintiff's opposition to Defendant Zamudio's motion to dismiss, and ordered it filed *nunc pro tunc* to November

18, 2016. *See* Doc. Nos. 19, 23. Defendant Zamudio timely filed a reply on December 14, 2016. *See* Doc. No. 21.

On May 31, 2017, pursuant to 28 U.S.C. § 636(b)(1), Judge Schopler submitted a report and recommendation ("Report") to this Court recommending that Plaintiff's SAC be dismissed with prejudice, as to all Defendants, for failure to state a claim. *See* Doc. No. 24 at 1 (noting that "[a]n inmate with an ironclad medical malpractice case against prison doctors does not necessarily have a winning civil rights lawsuit. A civil rights violation requires criminal recklessness—the doctors must disregard an excessive health risk of which they are aware. Because the inmate here alleges nothing approaching this standard, his civil rights suit fails."). Pursuant to Fed. R. Civ. P. 72(b)(2), Plaintiff's objections to the Report were due no later than fourteen days after service on Plaintiff. *Id*. Noting that the record reflected no timely objections to the Report, nor any motions for additional time to file objections, this Court (1) adopted Judge Schopler's Report in its entirety; (2) dismissed the SAC with prejudice, as to all Defendants; and (3) directed the Clerk of Court to enter judgement reflecting the same. *See* Doc. Nos. 25, 26.

On August 14, 2017, Plaintiff-Appellant appealed the judgment entered against him. *See* Doc. Nos. 28-30. Six days later, on August 21, 2017, the Ninth Circuit referred the appeal to this Court for the limited purpose of determining whether Plaintiff-Appellant's IFP status should continue for this appeal or whether the appeal is frivolous or taken in bad faith. *See* Doc. No. 31.

An appeal "is frivolous where it lacks an arguable basis either in law of fact." *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Martin v. Sias*, 88 F.3d 774, 775 (9th Cir. 1996). After reviewing the record, this Court finds the appeal frivolous because Plaintiff-Appellant lacks an arguable basis to support the contention that the SAC included facts sufficient to state a claim for constitutionally inadequate medical care. *See Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990) ("[I]solated occurrences of neglect," as well as "mere malpractice, or even gross negligence," may be inexcusable, but they do not amount to deliberate indifference.) (citation omitted); *see also Hamby v. Hammond*, 821

3

F.3d 1085, 1092 (9th Cir. 2016) (Plaintiffs "'must show that the course of treatment the doctors chose was medically unacceptable under the circumstances' and that the defendants 'chose this course in conscious disregard of an excessive risk to the plaintiff's health.'") (citations omitted). Plaintiff's two opportunities to amend, as well as his opposition to the motion to dismiss, demonstrated that he could not allege any facts to sufficiently state a claim. As such, Plaintiff-Appellant's IFP status is **REVOKED**, and the Clerk of Court is directed to notify the Ninth Circuit Court of Appeals of this order, pursuant to Appellate Court's referral notice, [doc. no. 31].

      **IT IS SO ORDERED**.


DATED: September 1, 2017


                                          JOHN A. HOUSTON
                                          United States District Judge

4